IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:07-CV698-MEF |
| ) | (WO) |
| TOM YOUNG, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*, it is

ORDERED that the motion be and is hereby GRANTED.

The complaint in this 42 U.S.C. § 1983 case was filed on August 2, 2007, against Tom Young, a Circuit Judge for Chambers County, Alabama.  The plaintiff seeks $10,000,000.00 in damages against the defendant because the defendant enjoined Coggins from filing documents which encumbered or clouded real property titles of officials of the State of Alabama.  In the last paragraph of his complaint, Coggins also states that "[u]nder all of the evidence presented this order must be declared null and void . . . "  The Court construes this as a request that the court declare the injunction void.  For the reasons which follow, the Court will dismiss the complaint prior to service of process on the defendant.  *See* 28 U.S.C. § 1915(e)(2)(B).

A district court may conclude a case has little or no chance of success and dismiss the

complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Section 1915(e)(2) further authorizes a court to dismiss cases against defendants who are immune or when the action is frivolous. A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). As part of the process of making the determination called for by § 1915(e)(2), the trial court determines "whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong." *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987). Furthermore, "[t]hat the complaint states a cause of action does not mean that the action cannot be frivolous for the purposes of a section 1915(d) dismissal." *Menendez*, 817 F.2d at 739-40 (IFP complaint that states claim under Rule 12(b)(6) may nevertheless be dismissed if court becomes convinced that case is frivolous).

Coggins seeks damages from Judge Young for acts taken by him in his judicial capacity during or relating to state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-29 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). The complaint for damages is based solely on Judge Young's issuance of injunctive relief against Coggins. Accordingly, Coggin's claims for monetary damages against Judge Young are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *Neitzke*, 490 U.S. at 327.

To the extent Coggins seeks declaratory relief from the injunction issued by Judge Young, this Court lacks jurisdiction. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Coggins from proceeding before this Court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). For these reasons, the Court lacks jurisdiction to consider the request for declaratory relief.

Based on the foregoing conclusions of law, this case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate final judgment will be entered.

Done this the 7th day of August, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
